Parker C. J.
delivered the opinion of the Court. This vessel having liberty to call at Newport on her way from New York to Lynn, committed no deviation in going into that port; and, as we must suppose, the liberty to call there, which was purchased by a quarter of one per cent, more premium, was for some purpose useful or convenient to the" voyage or to the master. Being rightly there under the policy, any trading there which did not delay her voyage, or change the risk, was lawful, as has been determined this term in the case of Thorndike v. Bordman.[1] She discharged her deck load there, which probably was the very object of going to that port; but whether so or not, as the jury have found that her voyage was not delayed thereby, this fact cannot affect the contract. It is found that she was detained by head winds, and by no other cause.
But when she sailed from Newport, she was discovered to be out of trim, and she put into Tarpaulin Cove to alter the position of the cargo, and this being done, she sailed again, but was still not in perfect trim ; and after several unsuccessful attempts to weather the shoals, she sought Edgarton of necessity, being driven there by stress of weather. It is said that her being out of trim was the cause of her inability to beat over the shoals, and that her being out of trim was occasioned by her discharging her deck load' at Newport, so that her final loss is attributable to this act, although before the loss she was put in trim by taking another deck load at Edgarton ; jut this is tracing things back too far. Most vessels may be supposed to be out of trim on leaving their harbour ; indeed t is only when they try the winds that they can tell what particular trim they need. It is not contended in the argument, that taking the molasses on board at Edgartc a was unjustifiable ; and it could not be, for if she went into that *53 port from necessity, she was there under the policy, and being there, she might leave or take cargo, provided no delay or change of risk was occasioned, and the jury say there was not.[1]
There appears therefore to be no cause for setting aside the verdict.
Without doubt there may be such negligence or want of . skill in stowing a cargo, as to render a vessel unfit for the voyage, and then she would be unseaworthy and the policy would be avoided ; but it is for the jury to determine the degree and effect of imperfect loading ; and we think it was rightly put to that body, whether this vessel was so much out of trim as to be unseaworthy for the voyage. They have negatived this supposition, and so on this ground the motion for a new trial must fail.

Judgment according to the verdict.

 See 3 Kent’s Comm. (3d ed.) 313, 314.

. See 2 Phil. Ins. 176.